**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Irvin Maurice Martin and** | ) | **Case No. 08-51226** |
| **Jewel Lee Fox Martin,** | ) | |
| | ) | |
| **Debtors.** | ) | |

**MEMORANDUM OPINION**

This memorandum opinion supplements the Order Denying the Debtors' Motion to Incur

Debt previously entered on August 16, 2011:

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on July

25, 2008 (the "Petition Date"). An order confirming the Debtors' Chapter 13 plan (the "Plan")

was entered on October 9, 2008. The Debtors' Plan provides for payments in the amount of

$145.00 per month with $8,700.00 or a minimum dividend of 1% to be paid to general unsecured

creditors. The Plan requires that the Debtors obtain the approval of the court before incurring any

debt greater than $1,000.00.

The Debtors' daughter is enrolled at the University of North Carolina - Greensboro

("UNCG") for the 2011-2012 academic year. On July 18, 2011, the Debtors filed a motion

indicating that a UNCG financial aid counselor instructed the Debtors to apply for a Federal

Direct Plus Loan. UNCG expects the Debtors to borrow approximately $10,384.00 for each of

their daughter's remaining years in college. Accordingly, the Debtors requested permission to

incur debt in the form of student loans for their daughter for the fall 2011 semester and each

subsequent semester as needed. UNCG anticipated that the Debtors would not be required to

begin repaying the student loans until after the Plan is completed.

The principal purpose of the Bankruptcy Code is to grant a fresh start to the "honest but

unfortunate debtor." *Grogan v. Garner,* 498 U.S. 279, 286-87 (1991). Specifically, Chapter 13 allows a debtor with regular income to make payments to a trustee for the benefit of prepetition secured and unsecured creditors pursuant to a Chapter 13 plan. Chapter 13 provides a debtor with a fresh start by allowing the debtor to obtain a discharge after successful completion of a Chapter 13 plan. Generally, debtors should avoid incurring additional debts during the life of the plan except for necessities needed to perform under the plan, as post-petition debts have the potential to jeopardize the successful completion of a debtor's plan, thereby depriving the debtor of a fresh start. It is well accepted that "[a]n adult child attending college is not a special circumstance that is out of the ordinary for an average family which leaves the Debtors no reasonable alternative but to incur the expense." *In re Patterson,* 392 B.R. 497, 506 (Bankr. S.D. Fla.2008). *See also In re Baker,* 400 B.R. 594, 598 (Bankr. N.D.Ohio 2009); *In re Walker,* 383 B.R. 830, 838 (Bankr. N.D.Ga. 2008)*; In re Saffrin,* 380 B.R. 191, 193 (Bankr. N.D.Ill. 2007).

Here, UNCG has instructed the Debtors to incur new debt which could total over $40,000.00 for the benefit of their adult daughter. In a bankruptcy context, this expense for an adult child, which confers no benefit to the Debtors or their Plan, is not reasonably necessary. Furthermore, it is the duty of this court to effectuate the goals and purposes of the Bankruptcy Code, including the fresh start policy. To have granted the Debtors' motion would defeat the fundamental purpose of the Debtors' Chapter 13 by depriving them of a fresh start upon completion of their Plan.

# SERVICE LIST

IRVIN MAURICE MARTIN SR
JEWEL LEE MARTIN
P O BOX 12
KERNERSVILLE, NC 27285

WENDELL "WES" SCHOLLANDER III
SCHOLLANDER LAW OFFICES
2000 W FIRST STREET SUITE 308
WINSTON SALEM, NC 27104

KATHRYN L BRINGLE
CHAPTER 13 TRUSTEE
P. O. BOX 2115
WINSTON-SALEM, NC  27102-2115

MICHAEL D. WEST
US BANKRUPTCY ADMINSTRATOR
P. O. BOX 1828
GREENSBORO, NC 27402